No. A-CV-02-80

COURT OF APPEALS OF THE NAVAJO NATION

June 11. 1982

Paulette ARVISO, Appellant,

vs.

Rodger DAHOZY, Appellee,

OPINION AND ORDER

Leonard Watchman, Esq., Window Rock, Navajo Nation (Arizona) for appellant and William P. Battles, Esq., Battles & Associates, Fort Defiance, Navajo Nation (Arizona) for appellee.

 This is an appeal by means of a trial de novo from an order entered in the District Court at Window Rock on January 3, 1980.

 This court has jurisdiction over the parties because they are enrolled members of the Navajo Tribe and they reside within the exterior boundaries of the Navajo Nation. The court has jurisdiction over the subject matter of the case - the marriage, children and property of the marriage - because the action for divorce arose within the territorial jurisdiction under the laws of the Navajo Nation (Title 9, Ch. 5, Navajo Tribal Code). Therefore this court has sole jurisdiction over the matter. See Mangold, "Powers of Indian Tribes," 55 Interior Decisions 14, 40-42 (1934) (Interior Dept. Solicitor Opinion).

 The issues in dispute here are ones of fact and not law, to be resolved by the new trial held before the Court of Appeals. The question presented is this: On September 2, 1977 the trial court entered a default judgment providing for child support of $200 per month for a minor child. Custody of the child was given to the plaintiff mother, Paulette Dahozy. The child support matter came back to court because of a complaint Mr. Dahozy had not made the ordered child support payments, and on October 5, 1978 the court entered an order approving a stipulation of the parties. This court finds the stipulation was that Mr. Dahozy would pay the sum of $125 per month on the arrearage and for child support until June of 1987, when the $200 per month payment would resume. Further problems with nonpayment lead to a judgment and order dated July 19, 1979 in which the court did not fix an arrearage but ordered the defendant to pay $1,550 in past child support with ½ to be paid within 30 days and the other ½ to be paid within 60 days. Provision was made for a five-day grace period and late charges of $2 per day. The child support went back to $200 per month, and the defendant was ordered to arrange for a payroll deduction to guarantee the payments.

The problem presented to this court comes from an interpretation of the stipulation made in October of 1978 and the judgment entered in July of 1979. Very simply put, Mr. Dahozy came before the court on December 5, 1979 and said he did not owe any back child support and he had complied with the July judgment by giving Mrs. Dahozy a check for $1,550. He produced the check in evidence over Mrs. Dahozy's objections. Mrs. Dahozy argues that the $1,550 check was not made to comply with the court's order but it was one-half of a stipulated arrearage of $3,100.

The intention of the parties as to their stipulation was not clearly set forth in documents submitted to the court, as it should have been, and the resolution of this case is based upon another party to the stipulation negotiations, the Honorable Nelson J. McCabe, the trial judge sitting on July 18, 1979.

Judge McCabe was called before the Court of Appeals by subpoena, and he testified Mrs. Dahozy's position and recollection are correct.

Therefore it is the unanimous finding of the Court of Appeals that the $1,550 paid represents one-half of a prior arrearage of $3,100 and the other $1,550 is due and owing.

The question now is what a proper order of the Court of Appeals would be. This court declines to sit as a three-judge divorce court. The proper role of a court of appeals is to correct manifest errors in the findings of fact and conclusions of law of a trial court. Our jurisdiction is generally confined to appeals, remedying acts of a trial court beyond its jurisdiction and requiring trial court action where it unlawfully fails or refuses to act within its jurisdiction. 7 NTC Secs. 302, 303. Therefore we will not resolve the factual questions of other child support arrearages due, late charges due or other matters.

As to the question of late charges, this court notes a great deal of time has passed since October of 1978 and it observes the fact the amount of late charges could amount to a rather large sum. The primary party to be considered in this case is the child, and providing for her support is the goal. The focus should be on the interests of the child and not upon penalizing the defendant for his failure to support his own child. While nonsupporting parents should be penalized and punished for the failure to live up to their moral and legal duties, such penalties and punishments should not further hamper doing what must be done - supporting the child. Therefore the trial court should consider the matter of the late charges using its equity powers of fairness and seeing the object of the case is served. The trial court should consider the income, property and other resources of the defendant in assessing late charges. The primary goal of the court should be to see that child support arrearages are eliminated as quickly as possible. With regard to the method of taking care of the arrearage, the trial court order that the defendant make arrangements for payroll deductions was wise and fair. Therefore the trial court should make arrangements in any final order for such deductions directly.

There is one final point to be made about this appeal. The problem which caused this case came from imprecision in drafting documents submitted to the court. While the October, 1978 order clearly sets forth an arrearage, there is confusion in how much was to

go to the arrearage and how much was to be applied to current child support. The July 19, 1979 order does not set forth the arrearage. All orders such as those should state:

1. The amount of total arrearage;

2. The period of the arrearage (i.e. what months were not paid);

3. The amount to be paid in installments on the arrearage (if that method applies);

4. The amount of continuing monthly child support;

5. The method of payment on arrearage;

6. The date any payments are to commence; and

7. Other pertinent orders, making certain all the agreements of the parties are in writing.

Otherwise a party should not be permitted to attack matters left out of a stipulation or order, except in cases of fraud, misrepresentation or like matters of equity.

Therefore it is hereby

ORDERS that this matter is remanded to the District Court of the Navajo Nation at Window Rock for further proceedings in accordance with this opinion. The plaintiff shall be granted her costs on appeal.